FILED

JUN 0 1 2007

~~~~ CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

Civ: No. 07-5041

GARY WASSON,

        Plaintiff,

v.

ANGIE'S, INC.,
d/b/a VIDEO BLUE

        Defendant.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff, for his causes of action, states and alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff Gary Wasson ("Plaintiff Wasson") invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337, and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

2.    This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); and the South Dakota Human Relations Act of 1972, as amended, SDCL Ch. 20-13.

3.    The unlawful employment practices alleged in this Complaint were committed in Pennington County in the Western District of South Dakota.

4.    Plaintiff Wasson timely filed a charge of discrimination against Defendants with the State of South Dakota Department of Labor, Division of Human Rights. Plaintiff Wasson filed his charge of discrimination on September 24, 2006. The charge was also filed with the

Chicago District Office of the U.S. Equal Employment Opportunity Commission. (See Exhibit A attached).

5. On or about March 7, 2007, Plaintiff Wasson received a letter from the Division of Human Rights indicating that he was entitled to file a civil action in his case rather than proceed to a hearing before the Commission of Human Rights.

6. On or about March 23, 2007, the Division of Human Rights received Wasson's notice that he had elected to pursue the matter in court. The Division of Human Rights closed Plaintiff Wasson's file, allowing Plaintiff Wasson to pursue his state law claims in a civil action. (See Exhibit B attached).

7. Plaintiff Wasson has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## PARTIES

8. Plaintiff Gary Wasson is a male citizen of the United States of America and a resident of Pennington County, South Dakota.

9. On information and belief, Defendant Angie's, Inc. is a corporation organized and existing under the laws of South Dakota and having its principal place of business located in Philadelphia, Pennsylvania, and at the times mentioned, employed Plaintiff.

10. Defendant Angie's, Inc. is an "employer" within the meaning of § 701(b) of Title VII in that it engaged in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII.

11. Defendant Angie's, Inc. is an employer within the meaning of SDCL § 20-13-1 (7).

12. Defendant Angie's, Inc., at all times relevant to this Complaint, employed Gary Wasson as a bartender at Video Blue, a bar and adult bookstore located at 1028 East North Street, Rapid City, South Dakota 57701, and operated by Angie's, Inc.

## CAUSES OF ACTION

### I. TITLE VII

#### A. Sex Discrimination

13. Plaintiff incorporates the preceding paragraphs of this Complaint by reference.

14. Plaintiff Wasson was employed by Defendant Angie's, Inc. for approximately one year until September 2006 as a bartender at Video Blue.

15. Plaintiff Wasson is a member of a protected group (male).

16. Plaintiff Wasson was subjected to different terms and conditions of employment based on his sex.

17. Plaintiff Wasson was the only male bartender employed at Video Blue.

18. Defendant Angie's, Inc. employed three or four female bartenders at Video Blue.

19. Plaintiff Wasson was performing his job duties satisfactorily.

20. Defendant Angie's, Inc. employed Kristi Orilup as the manager of Video Blue.

21. On or about August 1, 2006, Kristi Orilup cut Wasson's work schedule from twenty hours per week to nine hours per week.

22. Wasson's work hours were filled by a female employee.

23. On or about August 1, 2006, Angie's, Inc. informed Orilup that it did not want to employ male bartenders.

3

24. Defendant Angie's, Inc. terminated Plaintiff Wasson's employment on or about September 25, 2006, after Wasson refused to resign.

25. Wasson's position was filled by a female bartender.

26. The nature of the business and Orilup's statement that the company no longer wanted to employ male bartenders gives rise to the inference that the company discriminates against male employees.

27. Defendant failed to respond to Wasson's complaint to the Division of Human Rights.

28. Defendant has not alleged a nondiscriminatory reason for cutting Plaintiff Wasson's work schedule or terminating his employment.

29. Defendant also discriminated against Plaintiff Wasson on the basis of his sex by engaging in, tolerating and failing to prevent the sex discrimination alleged above, and by failing to take affirmative action to correct and redress the aforementioned unlawful employment practices even though Defendant had notice of such practices.

**B. Retaliation**

30. Plaintiffs incorporate the preceding paragraphs of this Complaint by reference.

31. Plaintiff Wasson objected to and complained of the sex discrimination and informed Orilup that he intended to file a complaint with the South Dakota Division of Human Rights.

32. After he informed Orilup that he intended to file a discrimination complaint, Defendant Angie's, Inc. issued two warnings to Plaintiff Wasson about his behavior when he

visited Video Blue as a customer, in retaliation for his statement that he planned to file a discrimination complaint.

33. Defendant Angie's, Inc. terminated Plaintiff Wasson in retaliation for his statement that he planned to file a discrimination complaint.

**C. General Allegations under Title VII**

34. Plaintiff Wasson incorporates the preceding paragraphs of this Complaint by reference.

35. Plaintiff Wasson, upon information and belief, alleges that the effect of the Defendant's unlawful employment practices has been to limit, classify and discriminate against males in ways jeopardizing and depriving him of employment opportunities and otherwise adversely affecting his status as an employee because of his gender in violation of Title VII.

36. Plaintiff Wasson was unlawfully denied monetary and non-monetary benefits and suffered other damages in sums to be proved at trial.

37. Plaintiff Wasson has no plain, adequate, or complete remedy at law to correct Defendant's unlawful employment practices, and the injunctive and other equitable relief he seeks is his only means of securing full relief from Defendant's unlawful employment practices.

38. Plaintiff Wasson is entitled to recover reasonable attorneys' fees and expenses as provided in § 706(k) of Title VII from Defendant.

39. Defendant's actions were done maliciously or with reckless indifference to Plaintiff Wasson's federally-protected rights.

40. Based on Defendant's actions, Plaintiff Wasson is entitled to compensatory and punitive damages, together with interest and attorneys' fees and costs.

## II. SDCL Ch. 20-13 – SEXUAL HARASSMENT

41. Plaintiff incorporates the preceding paragraphs of this Complaint by reference.

42. The Defendant qualifies as a covered employer pursuant to SDCL § 20-13-1(7).

43. Wasson is a covered employee pursuant to SDCL § 20-13-1(6).

44. Defendant violated Plaintiff Wasson's rights protected by SDCL § 20-13-10.

45. Defendant violated SDCL § 20-13-10 causing damages in an amount to be proved at trial.

WHEREFORE, Plaintiff prays that this Court:

1. Grant judgment against Defendant for lost wages;

2. Declare that the employment practices asserted in this Complaint are unlawful violations of Title VII, the South Dakota Human Relations Act of 1972, and the common law;

3. Permanently enjoin Defendant and its agents, officers, and employees from engaging in all practices found by this Court to be in violation of those statutes and common law;

4. Order that Defendant pay Plaintiff's compensatory, liquidated, and punitive damages;

5. Retain jurisdiction over this action to ensure full compliance with the Court's orders and require Defendant to file such reports as the Court deems necessary to evaluate such compliance;

6. Order the Defendant to pay Plaintiff's costs, expenses, and reasonable attorneys' fees as provided in Title VII in connection with this action; and

7. Grant such other and further relief to Plaintiff as the Court deems just and proper.

Dated this 1st day of June 2007.

                                      **GUNDERSON, PALMER, GOODSELL & NELSON, LLP**

BY: *[signature]*
       Matthew R. McGovern
       Sara Frankenstein
       Attorneys for Plaintiff
       440 Mt. Rushmore Road, 5th Floor
       Post Office Box 8045
       Rapid City, South Dakota 57709-8045
       (605) 342-1078
       (605) 719-3471
       mmcgovern@gpgnlaw.com
       sfrankenstein@gpgnlaw.com

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SUBMISSIBLE TO A JURY**